**Paul K. Charlton** (012449)
**Quintin H. Cushner** (027303)
**Dentons US, LLP**
2398 East Camelback Road, Suite 850
Phoenix, Arizona 85016
Telephone: (602) 508-3900
Paul.Charlton@dentons.com
Quintin.Cushner@dentons.com

**Saul Perloff** (*pro hac vice*)
**Katharyn Grant** (*pro hac vice*)
**Robert Rouder** (*pro hac vice*)
**Shearman & Sterling, LLP**
300 West 6th Street, 22nd Floor
Austin, Texas 78701
Telephone: (512) 647-1970 (Perloff)
Telephone: (512) 647-1934 (Grant)
Telephone: (512) 647-1931 (Rouder)
saul.perloff@shearman.com
katharyn.grant@shearman.com
robert.rouder@shearman.com

*Attorneys for Defendant/Counter-Plaintiff
Human Power of N Company,
f/k/a Neogenis Labs. Inc.*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ThermoLife International, LLC,<br>　　　*Plaintiff,*<br><br>vs.<br><br>Neogenis Labs, Inc. d/b/a HumanN,<br>　　　*Defendant* | Case No. 2:18-cv-2980-PHX-DWL<br><br>**COUNTER-PLAINTIFF HUMAN POWER OF N COMPANY'S (F/K/A NEOGENIS LABS, INC.) MOTION TO VOLUNTARILY DISMISS WITHOUT PREJUDICE ITS AMENDED COUNTERCLAIMS**<br><br>**ORAL ARGUMENT REQUESTED** |
| Human Power of N Company, f/k/a Neogenis Labs, Inc.<br>　　　*Counter-Plaintiff,*<br><br>vs.<br><br>ThermoLife International, LLC and Ronald L. Kramer,<br>　　　*Counter-Defendants.* | |

1

Counter-plaintiff Human Power of N Company (f/k/a Neogenis Labs, Inc.) ("HumanN"), respectfully moves the Court to Dismiss Without Prejudice HumanN's Amended Counterclaims pursuant to Federal Rule of Civil Procedure 41(a)(2).

## I. INTRODUCTION

After obtaining dismissal of its own claims and avoiding transfer of HumanN's Amended Counterclaims to the Western District of Texas—where the parties are also engaged in a suit ThermoLife initiated —ThermoLife terminated its counsel in this case and replaced them with a small Washington D.C. firm unfamiliar with these proceedings. But, despite repeated promises by both former and current counsel, ThermoLife has still failed to produce *any* additional documents or amended interrogatory responses since the Court's July 6, 2021 Order compelling production. Most recently, ThermoLife's new counsel have become non-responsive to requests to meet and confer, instead focusing on a different ThermoLife case in the Southern District of Florida. At the same time, however, both parties are actively litigating ThermoLife's patent infringement suit in Texas.

This Court has had to repeatedly extend the schedule in this matter to accommodate ThermoLife's continuing non-compliance with its discovery obligations, and most recently advised: "No further extensions will be granted." Dkt. 242 (Oct. 4, 2021). But weeks have gone by since this Court's Order, and ThermoLife still has not produced a single additional document in this case. And so HumanN is forced either to try and litigate a case where the counter-defendant will not participate, or pursue additional sanctions motions to try and force ThermoLife to comply with its basic discovery obligations. But rather than pick one of these Hobson's choices, HumanN reluctantly asks the Court to dismiss its Amended Counterclaims, without prejudice, so that HumanN will face only one front in its ongoing litigation with ThermoLife.

## II. FACTUAL AND PROCEDURAL BACKGROUND

This is the second of ThermoLife's serial suits against HumanN. Its first was a

patent infringement suit ThermoLife filed in this District on June 27, 2016, Case No. 2:16-cv-2070, but then stayed and voluntarily dismissed without prejudice. Following through with its threat to "declare war" with litigation intended "to systematically dismantle" HumanN, Am. Countercl. (Dkt. 117) at. ¶¶ 74-75, ThermoLife brought this suit in September 2018 (Dkt. 1). Following dismissals in whole and in part of its initial and first amended complaints, *see* Dkt. Nos. 40 & 63, ThermoLife filed its Second Amended Complaint on September 30, 2019. Dkt. 68. HumanN answered this pleading and filed its initial Counterclaims on February 19, 2020, Dkt. 83, and filed its Amended Counterclaims on December 2, 2020 (Dkt. 117). Following Orders of this Court dismissing specific counterclaims, Dkt. Nos. 113 & 176, ThermoLife answered HumanN's Amended Counterclaims, Dkt. 182 (Apr. 29, 2021).

In February of this year, ThermoLife again sued HumanN, again for patent infringement, this time in the Western District of Texas. *See* Dkt. 1, *ThermoLife Int'l, LLC v. Human Power of N Co.*, Case No. 6:21-cv-0144 (W.D. Tex. Feb. 11, 2021). Expressing its intent to litigate only this new Texas action, ThermoLife subsequently moved to voluntarily dismiss its own claims and to stay HumanN's counterclaims pending resolution of ThermoLife's new suit. *See* Dkt. 189 (Motion); *see also* Dkt. 201 (Order denying motion). ThermoLife then renewed its motion to voluntarily dismiss its own claims, Dkt. 202, which this Court granted. Dkt. 224 (Jul. 1, 2021).

In the meantime, significant discovery disputes arose, initially resolved by the Court's grant in part of HumanN's motion to compel discovery from ThermoLife. Dkt. 177 (Apr. 15, 2021). When it became clear that ThermoLife had failed to comply with this Court's Order, HumanN again sought the Court's intervention. Dkt. 219 (Jun. 28, 2021) (Joint Statement of Discovery Dispute). Following a Telephonic Discovery Dispute Hearing, the Court again granted in part HumanN's motion to compel discovery. Minute Order (July 6, 2021) (Dkt. 225) ("as to the issue of Plaintiff's supplier, the Court grants Defendant's Motion to Compel in part.")

Following this Court's second Order compelling ThermoLife to produce discovery, the parties have met and conferred multiple times to discuss ThermoLife's failure to meet its discovery obligations. On July 8, 2021, HumanN's counsel met and conferred via video-conference with ThermoLife's now-former counsel, Gregory Collins and Daniel Crane. In addition to discussing whether ThermoLife would oppose HumanN's motion to transfer venue (also discussed during the Court's July 6 Hearing), the parties discussed the status of discovery, including the need for ThermoLife to complete its document production before HumanN could depose Mr. Kramer. *See* Declaration of Robert Rouder ("Rouder Decl.") at ¶ 2, submitted herewith. At ThermoLife's request, HumanN agreed to jointly move the Court to extend deadlines for discovery. *See* Dkt. 229. The Court subsequently granted this joint motion. Dkt. 230.

As discussed during the July 6 hearing, HumanN moved to transfer its Amended Counterclaims to the Western District of Texas. Dkt. 227 (Jul. 12, 2021). ThermoLife opposed. *See* Dkt. 232 (Jul. 21, 2021). On August 2, 2021, the Court denied HumanN's motion. Dkt. 235.

A week and a day after the Court denied the transfer motion, and without having provided any further documents, ThermoLife's counsel moved *ex parte* to withdraw as counsel. Dkt. 236; *see also* Dkt. 238 (Aug. 11, 2021) (granting *ex parte* motion to withdraw as counsel). HumanN's counsel reached out to ThermoLife's new counsel, asking to meet and confer about the status of discovery. *See* Email from R. Rouder to M. Dowd (Aug. 19, 2021), Ex. A att'd to Rouder Decl.

The parties met and conferred on August 20, 2021, and HumanN's counsel followed up with a summary of certain outstanding discovery issues. *See* Ex. A (Email from K. Grant to M. Down (Aug. 20, 2021)). These included the need for ThermoLife to promptly provide:

1. A full and complete response to HumanN's Interrogatory No. 3 identifying companies that supply nitrate ingredients to ThermoLife. The Court has ordered ThermoLife to provide this information twice.

4

       Dkt. 177 and 225. ThermoLife's 7th Amended Answers to Interrogatories (Dkt. 221-1) were before the court on the second motion and not deemed sufficient. See Dkt. 225 ("Plaintiff shall seek to obtain more information from its supplier regarding the identify of any additional manufacturers of the nitrate products beyond those that are already identified in Interrogatory #3.)

2. Customer communications described in bullet 3, that Greg Collins told us ThermoLife would produce after the parties met and conferred at the Court's direction: *See* Dkt 135-8 at 2:

"I can confirm that ThermoLife will provide the following additional documents and information next week:"

- ■ "A report that provides ThermoLife's profits over time on its sales."
- ■ "The only relevant patent license for the technology that ThermoLife licensees [sic] downstream to its customers. This will provide details regarding the "costs" for patent licensing activities. (The vast majority of ThermoLife's licensing has no costs associated with it, because (with few exceptions) ThermoLife licensees [sic] its own patents[)]."
- ■ "Communications with customers/licensees regarding the cause of an increase or decrease in sales."

3. Documents responsive to RFPs 24 and 25 concerning

**REQUEST NO. 24:** All DOCUMENTS CONCERNING any COMMUNICATIONS between YOU and another PERSON CONCERNING the formulation, manufacture, supply, marketing or sale of a product that contains beetroot and imitates, replicates or presents as a substitute for or an alternative to a HUMANN PRODUCT.

**REQUEST NO. 25:** All DOCUMENTS CONCERNING any offer of assistance, aid, encouragement, education, or instruction to any PERSON in formulating, manufacturing, supplying, marketing or selling a product that contains beetroot and that imitates, replicates or presents as a substitute for or an alternative to a HUMANN PRODUCT.

We believe that Ron Kramer's former assistant is named Kristy Hewitt, although she has also used the last name "Whelpley" and "Daldegan".

*Id.* (quoting correspondence from G. Collins and Requests for Production Nos. 24 & 25).

       ThermoLife's new counsel responded a few days later, declaring they "look

forward to working with you as the parties complete discovery and other activities in this matter." Ex. A (Email from M. Dowd to K. Grant) (Aug. 23, 2021). Mr. Dowd further represented:

> We are conferring with our client and are reviewing the files to provide you answers to the issues raised during our call on Friday and in your email below. We will get back to you as soon as possible, and ***we expect to provide updated discovery within the next day or so.***

*Id.* (emphasis added). Mr. Dowd's August 23 email proposed a further extension of the schedule, explaining: "The additional time will also allow Dowd Scheffel to review ThermoLife's discovery to date to ensure that the discovery is complete and accurate. As I noted on the call, we want to ensure that HumanN receives the complete discovery to which it is entitled." *Id.*

Accepting counsel's promise he would "work[] with you as the parties complete discovery," and ThermoLife would "provide updated discovery within the next day or so," HumanN agreed to ThermoLife's proposal to move for a schedule extension. *See* Dkt. 239 (Aug. 26, 2021) (Joint Motion for Extension of time to Extend Case Management Deadlines). The Court again granted this motion. Dkt. 240 (Aug. 26, 2021).

ThermoLife did not, however, produce documents "within the next day or so," or within the next week, or within the next month. Instead, having obtained the extension, ThermoLife's counsel was radio silent for weeks, despite calls from HumanN's counsel. *See* Ex. B (Email from R. Rouder to M. Dowd) (Sept. 29, 2021):

> Previously I sent you an email requesting a meet & confer regarding a variety of pressing discovery issues including a primary focus on the upcoming mandatory mediation this Friday, October 1. Having heard no response, I phoned your office and your administrator put me through to Matt's phone. I got no answer and when I went to leave a message I was advised that the VMX mailbox was full. I phoned back and repeated the pass through this time with Robert and while the mailbox was not full, there was no answer and I left a message. I then phoned a third time and dictated a message to your administrator, who incidentally is very helpful and indicated she would send you an immediate email. There are a variety of urgent matters that require discussion, first among them the upcoming mandatory mediation conference scheduled for Friday, October 1st. It is important that we speak today as we do not wish to --- but may be forced to --- address the Court unilaterally. Please let us know when today we might speak.

ThermoLife's counsel finally responded to this email, and the parties again met and conferred on September 30, 2021. *Id.* (emails between counsel to schedule meet and confer).

During the call, the parties again discussed discovery. Counsel for ThermoLife apologized for ThermoLife's continuing failure to provide discovery, explaining that they were a small firm and were focused on an upcoming trial for ThermoLife in the Southern District of Florida. Rouder Decl. ¶ 5. Counsel again promised to provide discovery responses, including amended interrogatory answers by the next week. Counsel also represented that ThermoLife was compiling customer communications, and was close to getting those done. *Id.*

During this conference, HumanN also raised the issue of voluntarily dismissing its Amended Counterclaims without prejudice. At ThermoLife's counsel's request, HumanN's counsel sent a written proposal immediately after the call, explaining:

> Following up on our call this morning, HumanN proposes dismissing its Amended Counterclaims in District of Arizona Case No. 18-cv-2980, without prejudice, pursuant to Federal Rule 41(a)(1)(A)(ii) (without court order upon stipulation of all parties). A stipulation would automatically allow dismissal without prejudice, and is less burdensome both on the parties and on the Court.
>
> Alternatively, we could also move under Rule 41(a)(2), showing that ThermoLife does not oppose. This option would still require the Court to enter an Order, and relief is not guaranteed.
>
> If Thermolife agrees to the stipulation under Rule 41(a)(1)(A)(ii) (or agrees not to oppose a motion under Rule 41(a)(2) and the Court thereafter grants HumanN's motion and dismisses the counterclaims without prejudice), HumanN would permanently forego its request for fees and costs associated with its successful motion to compel, as allowed by the Court's April 15, 2021 Order, Dkt. 177 at 19-20.
>
> Please let us know what you decide.

Ex. B to Rouder Decl. (Email from S. Perloff to M. Dowd) (Sept. 30, 2021).

During the September 30 conference, counsel for ThermoLife also asked that the parties again move to extend the schedule in this case. HumanN agreed, and the next

morning ThermoLife filed the motion papers. *See* Dkt. 241. The Court granted the motion on October 4, 2021, extending the fact discovery deadline to December 13, 2021. *See* Dkt. 242. In so doing, the Court cautioned that: "No further extensions will be granted." *Id.*

ThermoLife did not, however, provide the promised discovery. No further interrogatory responses have been served, no customer communications have been provided, no additional documents of any sort have been produced. Despite repeated reminders, ThermoLife failed even to respond to the proposed dismissal without prejudice of the Amended Counterclaims. *See* Ex. C to Rouder Decl. (Email from A. Hanson to M. Dowd) (Oct. 6, 2021) ("Matt: could you please let us know what ThermoLife's position is with respect to HumanN's proposal?"); *id.* (Email from S. Perloff to M. Dowd) (Oct. 8, 2021) ("Matt/Robert: I'm sure you're busy, but I really need to know where you stand on this, so that we can draft our papers accordingly.")

On October 13, 2021, HumanN's counsel tried yet again, explaining:

Matt/Robert:

Please let us know when you're available in the next few days to meet and confer about our proposed motion/stipulation of dismissal without prejudice and our request for fees in connection with the motion to compel? Related to latter, when can we expect your production of the compelled documents/rog responses especially

1. A complete response to HumanN's Interrogatory No. 3 identifying companies that supply nitrate ingredients to ThermoLife. The Court has ordered ThermoLife to provide this information twice. Dkt. 177 and 225. ThermoLife's 7th Amended Answers to Interrogatories (Dkt. 221-1) were before the court on the second motion and not deemed sufficient.

2. Communications with customers/licensees regarding the cause of an increase or decrease in sales, that Greg Collins told us ThermoLife would produce after the parties met and conferred at the Court's direction: See Dkt 135-8 at 2.

3. Documents the Court compelled ThermoLife to produce that are responsive to RFPs 24 and 25.

*Id.* (Email from S. Perloff to M. Dowd). Four days later, Mr. Dowd responded: "I will check our schedules. We'll be in trial tomorrow, but I should be able to get back to you

later in the day." *Id.* (Email from M. Down to S. Perloff). ThermoLife's counsel again failed to follow through.

HumanN now brings this Motion to voluntarily dismiss its own Amended Counterclaims. HumanN has incurred burdens and expenses in attempting to litigate claims with ThermoLife in two proceedings—costs and burdens which have been exacerbated by ThermoLife's failure to participate fully in the instant case. Rather than attempt to force ThermoLife to finally comply with this Court's Orders and fundamental discovery obligations, if this Motion is granted, HumanN will ask Judge Albright in the Western District of Texas proceedings for leave to file amended counterclaims there, which would encompass some of the facts and legal theories presented in the Amended Counterclaims.

### III.   ARGUMENT

ThermoLife has demonstrated it has no intention of moving this case forward efficiently. HumanN therefore asks the Court to dismiss HumanN's own Amended Counterclaims, without prejudice, so that HumanN may focus its efforts on the ongoing litigation in the Western District of Texas.

FED. R. CIV. P. 41(a)(2) provides:

> Except as provided in Rule 41(a) (1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under [Rule 41(a)(2)] is without prejudice.

"Whether to grant a motion for voluntary dismissal under Rule 41(a)(2) is a matter of 'the district court's sound discretion.'" *ThermoLife Int'l LLC v. Neogenis Labs Inc.*, No. 18-cv-2980, 2021 WL 2714746, at *2 (D. Ariz. Jul. 1, 2021) (quoting *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989)). "'In exercising its discretion, the Court must make three separate determinations:

  (1)   whether to allow the dismissal at all;
  (2)   whether the dismissal should be with or without prejudice; and

9

(3)     what terms and conditions, if any, should be imposed.'"

*Id.* (formatting added) (quoting *Burnette v. Godshall*, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993)).

### A. Dismissal should be allowed

"'The purpose of Rule 41(a)(2) is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced or unfairly affected by the dismissal.'" *ThermoLife*, 2021 WL 2714746, at *3 (quoting *Stevedoring Servs. of Am.*, 889 F.2d at 921) (parentheses omitted). Accordingly, "[u]nder Ninth Circuit law," this "'[C]ourt should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result.'" *Id.* (quoting *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001)). "'Legal prejudice' is prejudice to some legal interest, some legal claim, some legal argument." *Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1093 (9th Cir. 2017) (finding no "legal prejudice," and affirming dismissal without prejudice) (quoting *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996)).

ThermoLife failed to articulate any opposition to HumanN's request, and it cannot establish it will suffer "plain legal prejudice" if HumanN's Amended Counterclaims are dismissed without prejudice. As the Court explained in granting ThermoLife's second motion to voluntarily dismiss its own claims: "Uncertainty because a dispute remains unresolved is not legal prejudice. Thus, the threat of future litigation is insufficient to establish plain legal prejudice." *ThermoLife*, 2021 WL 2714746, at *3 (quotations and citation omitted) (citing H*amilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982) ("Plain legal prejudice . . . does not result simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage.")

HumanN does not, at this time, anticipate pursuing a new, separate action against ThermoLife in which it would raise any of the Amended Counterclaims. If this Motion is granted, HumanN instead will ask Judge Albright to allow HumanN to amend its

counterclaims in the pending infringement suit ThermoLife brought in the Western District of Texas to encompass some of the facts and causes of action reflected in the Amended Counterclaims, including, for example, HumanN's Lanham Act false advertising and tortious interference claims. Should that be allowed by the Western District of Texas court, ThermoLife will not be deprived of a federal forum, or indeed even be required to litigate in a federal forum not of its choosing, or in a new suit. *ThermoLife*, 2021 WL 2714746, at *4. HumanN will ***not*** seek to relitigate issues already decided in this action in any refiled action, *id.*, and will agree that any discovery already exchanged may be used in an action between these same parties. *Id.*

Because ThermoLife faces no plain legal prejudice, the Court should grant this Motion.

### B. Dismissal should be *without* prejudice[1]

"Courts consider the following factors in determining whether to dismiss with or without prejudice":

(1)   the defendant's effort and expense involved in preparing for trial;

(2)   excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; and

(3)   insufficient explanation of the need to take a dismissal.

*ThermoLife*, 2021 WL 2714746, at *4 (quotations and citation omitted). Each of these factors strongly favors dismissal *without* prejudice.

ThermoLife and its new counsel have undertaken no apparent efforts and incurred no obvious expense in preparation for trial *in this case*. No summary judgment motions have been filed, no experts have been disclosed, and no party witnesses have been deposed. *Cf. id.* ("Although HumanN has undoubtedly expended significant resources

---

[1] HumanN asks that it be allowed to withdraw this Motion should the Court determine that dismissal *with* prejudice is appropriate. E.g., *Woodard v. Barnum*, No. 09-cv-135, 2009 WL 10673452, at *1 (D. Ariz. Dec. 15, 2009) (allowing withdrawal of motion) (citing *Lau v. Glendora Unified School Dist.,* 792 F.2d 929, 930-31 (9th Cir. 1985)).

litigating this case, the bulk of those resources have been spent on motions practice and on discovery, no dispositive motions have been filed, and there is nothing to indicate that HumanN has started preparing for trial.") (citing *Sacchi v. Levy*, 2015 WL 12765637, *3 (C.D. Cal. 2015)).

To the contrary, ThermoLife's new counsel have made it clear that they *cannot* prepare for trial. In most recently asking for an extension of this Court's schedule, ThermoLife's counsel explained that their firm is both small and swamped with other cases that are apparently a higher priority than this one:

> [3.] [S]everal unplanned events have impacted the ability to complete discovery under the existing schedule and have particularly impacted Dowd Scheffel, a small IP boutique in Washington, D.C. The firm has two partners, two associates/law clerks (law school graduates who are awaiting admission to the bar), one part-time remote attorney, and one recent of counsel who is assisting on limited matters.
>
> 4. As previously explained, a COVID-19 exposure at Dowd Scheffel in August caused significant disruption to the firm's workflow management. Counsel for Counter-Defendant has represented that that event has had a ripple effect on several client matters, including this one. In addition, certain matters that were not expected to become "reactivated" have done so. *See* Dowd Decl. ¶ 7.
>
> 5. For instance, Counter-Defendants represent that Dowd Scheffel is representing the defendant in *Syngenta Crop Protection, LLC v. Atticus, LLC,* No. 5:19-cv-00509-D (E.D.N.C.). See Dowd Decl. ¶ 8. On July 28 and 30, the district court in that matter held a hearing on twelve pending discovery motions. *See* Dowd Decl. ¶ 8. As a result of the ruling, Dowd Scheffel, as lead counsel in the matter, has had a sudden influx of discovery obligations requiring a significant amount of the firm's recent time. *See* Dowd Decl. ¶ 8.
>
> 6. Counter-Defendants also represent that Dowd Scheffel is also representing *Starwalker PR, LLC in Starwalker PR, LLC v. Secretary of the Army*, No. 20-2024 (Fed. Cir. Sept. 22, 2021), and that the firm is currently in the process of preparing and filing a rehearing petition in that matter. *See* Dowd Decl. ¶ 9. Counter-Defendants also aver that Dowd Scheffel is currently engaged to respresent [sic] the Counter-Defendants with the upcoming trial in *BPI Sports, Inc. v. ThermoLife International, LLC,* No. 0:19-cv-60505-Smith (M.D. Fla.), which is set for trial during the two week period beginning on October 12, 2021.

Dkt. 241 at 3; *see also* Dkt. 241-1 (Decl. of M. Dowd). Notably, while ThermoLife

retained the large law firm of Reed Smith LLP (with over sixteen hundred lawyers) as co-counsel in its case in the Southern District of Florida, and three other firms in its suit against HumanN before Judge Albright, including Latham & Watkins LLP (with thousands of lawyers), Russ, August & Kabat, and the Davis Firm PC, it has not even retained local counsel to assist Messrs. Dowd and Scheffel in this case. And it is precisely because ThermoLife and its counsel have prioritized other matters ahead of this case that HumanN cannot complete its own preparations for summary judgment and trial.

The second factor also weighs in HumanN's favor. HumanN "has not engaged in excessive delay tactics or shown a lack of diligence." *ThermoLife,* 2021 WL 2714746, at *4. As the Court observed, "[a]lthough this action has progressed at a regrettably slow pace, the delays were largely due to the parties' continued efforts to settle, to the several rounds of motion-to-dismiss briefing, to the many discovery disputes, and to complications resulting from the COVID-19 pandemic." *Id.* Indeed, as set forth above, while HumanN has tried to move this case forward, ThermoLife has not facilitated those efforts.

Finally, in addressing ThermoLife's motion to dismiss its own claims, the Court acknowledged the "unusual timing of [ThermoLife's] dismissal request, which comes on the eve of the discovery cutoff and soon after ThermoLife filed a separate lawsuit against HumanN in Texas," which suggested that "there may be a tactical aspect to ThermoLife's dismissal request that has not been fully explored in its motion papers." *ThermoLife*, 2021 WL 2714746, at *4. But there is no "unusual timing" or "tactical aspect" hidden in HumanN's request. Rather, HumanN simply does not want to bear the expense and burden of litigating against Counter-Defendants in two suits—both brought by ThermoLife—in two judicial districts, including one which is outside of HumanN's home in Texas. This is particularly so due to ThermoLife's ongoing refusal to cooperate with discovery in the instant case, which has made prosecution of HumanN's counterclaims far more challenging.

HumanN acknowledges that it could stand its ground, and aggressively pursue sanctions against ThermoLife for its non-compliance with this Court's discovery orders, and hope that it can somehow convince ThermoLife and its counsel to prioritize these proceedings—where they are a defendant—as much as they prioritize those matters where they are plaintiff, and to produce the discovery HumanN requires to prepare for summary judgment and trial. But such efforts are going to be time-consuming, burdensome, and expensive. And even if the Court both grants the motions and imposes monetary sanctions, HumanN is unlikely to break even in that process. As Judge Dearie of the Eastern District of New York observed some thirty years ago,

> In imposing substantial monetary sanctions in this case, the Court is starkly aware that such sanctions alone are not the answer. Our limited experience already suggests that judicially imposed sanctions do not necessarily deliver the intended deterrent effects and rarely does any monetary sanction totally compensate the injured litigant or the system for the staggering costs incurred.

*Veliz v. Crown Lift Trucks*, No. 84-cv-2746, 1989 WL 61829, at *15 (E.D.N.Y. Jun. 1, 1989). Rather than spending its toil and treasure on further sanctions, HumanN would rather litigate against ThermoLife in a suit in which Counter-Defendant has actively participated, and indeed has aggressively pursued its own claims.

### C. Conditions

As the Court required in granting ThermoLife's own motion to voluntarily dismiss, HumanN also agrees that all discovery obtained in this action may be used in any refiled action. *ThermoLife*, 2021 WL 2714746, at *5. In addition, HumanN agrees that it will not attempt to relitigate any issues already resolved in this suit, and instead will treat those rulings as law of the case in any new action.

The Court should not condition dismissal on the award of fees or costs. As this Court observed in dismissing without prejudice ThermoLife's claims, "the imposition of such attorneys' fees and costs is not required by Rule 41(a)(2)." *ThermoLife*, 2021 WL 2714746, at *5 (citing *Stevedoring Servs. of Am.*, 889 F.2d at 921. ThermoLife

demonstrably "contributed to the parties' expenditure of fees and costs," including by failing to participate in discovery. *Id.* Moreover, "much of the legal work undertaken to this point can be used" should HumanN reassert its counterclaims. *Id.* (quotations and citation omitted).

## CONCLUSION

HumanN asks the Court to Dismiss Without Prejudice HumanN's Amended Counterclaims.

RESPECTFULLY SUBMITTED this 21st day of October 2021.

        SHEARMAN & STERLING LLP
        By: *s/ Saul Perloff*_____
        Saul Perloff
        Katharyn Grant
        Robert Rouder

        *Attorneys for Defendant/Counter-Plaintiff*
        *Human Power of N Company, formerly*
        *known as Neogenis Labs, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of October, 2021, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

By: *s/ Saul Perloff*