**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ThermoLife International LLC, | No. CV-18-02980-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Neogenis Labs Incorporated, | |
| Defendant. | |

Pending before the Court is HumanN's motion to voluntarily dismiss its amended counterclaims without prejudice.  (Doc. 243.)  For the following reasons, the motion is granted.

## RELEVANT BACKGROUND

Because the parties are familiar with the background details of this case, which have been recounted at length in earlier orders, a full summary is unnecessary here.

Cutting right to the chase, although this action between ThermoLife and HumanN has been pending since September 2018, ThermoLife filed a separate action against HumanN in February 2021 in the Western District of Texas ("the Texas Litigation"). Afterward, ThermoLife moved to dismiss its claims in this action without prejudice.  (Doc. 202.)  HumanN opposed this request, arguing that it would suffer "obvious prejudice were ThermoLife allowed to walk away from this case now, right before the close of discovery, only to re-file it down the road" (Doc. 209 at 6), but the Court concluded that ThermoLife's dismissal request should be granted because, *inter alia*, "the Ninth Circuit has made clear

that" the mere threat of future litigation "is insufficient to establish plain legal prejudice." (Doc. 224 at 6.)  The Court also predicted that "this *action* will not go away even if ThermoLife's dismissal request is granted" because "HumanN has asserted counterclaims against ThermoLife that will remain pending regardless of what happens with ThermoLife's claims." (*Id.* at 9.)

This prediction proved inaccurate.  Almost immediately after the order granting ThermoLife's dismissal request was docketed, HumanN took steps to stop litigating its amended counterclaims in this action.  First, HumanN moved to transfer its amended counterclaims to the Western District of Texas (Doc. 227), but ThermoLife opposed this request (Doc. 232) and the Court eventually denied it, emphasizing that "[t]his case has been heavily litigated in the District of Arizona for several years," that "the Court is intimately familiar with the parties, factual and procedural history, contested issues of law, and evidentiary record," and that "transferring the lawsuit at this point in the litigation" would thus "undermine rather than promote judicial efficiency." (Doc. 235 at 13.)

After its transfer request was denied, HumanN filed the motion now pending before the Court—a motion to dismiss its amended counterclaims without prejudice. (Doc. 243.) HumanN also filed a motion for expedited treatment of its motion (Doc. 244), which the Court granted (Doc. 246), and the motion is now fully briefed. (Docs. 247, 248.)[1]

## DISCUSSION

I.  <u>Legal Standard</u>

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.  If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.  Unless the order states otherwise, a dismissal under [Rule 41(a)(2)] is without prejudice.

---

[1]     HumanN requested oral argument, but this request is denied because the issues are fully briefed and argument will not aid the decisional process.  *See* LRCiv 7.2(f).

1    Whether to grant a motion for voluntary dismissal under Rule 41(a)(2) is a matter of "the

2    district court's sound discretion." *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d

3    919, 921 (9th Cir. 1989). "In exercising its discretion, the Court must make three separate

4    determinations: (1) whether to allow the dismissal at all; (2) whether the dismissal should

5    be with or without prejudice; and (3) what terms and conditions, if any, should be

6    imposed." *Burnette v. Godshall*, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993).

7    II.    The Parties' Arguments

8         HumanN moves to dismiss its amended counterclaims without prejudice. (Doc.

9    243.) According to HumanN, dismissal is warranted because ThermoLife has essentially

10   stopped participating in this litigation, including failing to respond to outstanding discovery

11   requests, and although HumanN "could stand its ground, and aggressively pursue sanctions

12   against ThermoLife for its non-compliance with this Court's discovery orders," "such

13   efforts are going to be time-consuming, burdensome, and expensive" and "[r]ather than

14   spend[] its toil and treasure on further sanctions, HumanN would rather litigate against

15   ThermoLife in a suit in which [ThermoLife] has actively participated." (*Id.* at 11-15.)

16   HumanN explains that, once its dismissal request is granted, it plans to ask the judge

17   overseeing the Texas Litigation to amend its counterclaims in that action "to encompass

18   some of the facts and causes of action reflected in the Amended Counterclaims." (*Id.* at

19   10-11.) Given this backdrop, HumanN contends that ThermoLife would not suffer any

20   plain legal prejudice if its dismissal request were granted. (*Id.*) Finally, HumanN agrees

21   that the dismissal may be subject to the following conditions: (1) all discovery obtained in

22   this action may be used in any future action; (2) it will not attempt to relitigate any issues

23   resolved in this action; and (3) neither side shall be assessed fees or costs. (*Id.* at 14-15.)

24        ThermoLife opposes HumanN's dismissal request, arguing that (1) it is a backdoor

25   attempt to transfer HumanN's amended counterclaims to the Western District of Texas,

26   even though the Court denied HumanN's earlier transfer request; and (2) HumanN is now

27   advancing "arguments that are entirely inconsistent with its earlier filed opposition to

28   ThermoLife's motion to dismiss." (Doc. 247 at 1-2.) ThermoLife also contends that one

of HumanN's proffered conditions of dismissal—that HumanN not be allowed to relitigate issues already decided in this action—is ambiguous because "HumanN does not identify which issues it believes have already been decided." (*Id.* at 3-4.)  In response to HumanN's accusation that it has failed to participate in the discovery process in this action, ThermoLife does not necessarily dispute that it failed to comply with earlier inquiries and deadlines but assures the Court that, although its "new counsel were largely occupied with a separate litigation in the Southern District of Florida, that matter is now concluded" and its counsel have now "returned their focus to the present matter." (*Id.* at 5-6.)  ThermoLife also contends that, because the discovery deadline has been extended to mid-December 2021, there is ample time to complete the discovery process.  (*Id.* at 6-7.)  Finally, ThermoLife contends that even if a without-prejudice dismissal were warranted, the Court should insist on additional conditions of dismissal, including that HumanN not be allowed to attempt to reassert the dismissed counterclaims as part of the Texas Litigation and that ThermoLife be awarded its costs and fees.  (*Id.* at 7-8)

In reply, HumanN argues that its dismissal request should not be considered a *de facto* transfer request because there is no guarantee that it will be allowed to reassert the dismissed counterclaims as part of the Texas Litigation—some are likely time-barred and the judge overseeing the Texas Litigation will, in any event, make the ultimate decision. (Doc. 248 at 2-4.)  HumanN also takes issue with ThermoLife's contention that its current arguments are inconsistent with the arguments it made when opposing ThermoLife's earlier dismissal request, arguing that its position has remained consistent while ThermoLife has now resorted to "recycl[ing] arguments and authorities raised in HumanN's opposition to ThermoLife's second motion to voluntarily dismiss." (*Id.* at 4-5 & n.1.)  On the merits, HumanN contends that ThermoLife would suffer no plain legal prejudice from the requested dismissal because it would not deprive ThermoLife of a preferred forum and would not result in the relitigation of any issues that have already been decided in ThermoLife's favor.  (*Id.* at 5-7.)  HumanN also identifies some of those issues, including a ruling in ThermoLife's favor on ThermoLife's earlier motion to dismiss

1   HumanN's counterclaims.  (*Id.* at 6.)

2   III.   Analysis

3        A.   **Whether To Allow Dismissal**

4        Under Ninth Circuit law, "[a] district court should grant a motion for voluntary
5   dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain
6   legal prejudice as a result."  *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (footnote
7   omitted).  *See also Stevedoring Servs. of Am.*, 889 F.2d at 921 ("The purpose of [Rule
8   41(a)(2)] is to permit a plaintiff to dismiss an action without prejudice so long as the
9   defendant will not be prejudiced or unfairly affected by the dismissal.") (citation omitted).
10  "Legal prejudice" means "prejudice to some legal interest, some legal claim, some legal
11  argument."  *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).  In
12  contrast, "[u]ncertainty because a dispute remains unresolved is not legal prejudice."  *Id.*
13  Thus, "the threat of future litigation . . . is insufficient to establish plain legal prejudice."
14  *Id.* at 96.  *See also Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th
15  Cir. 1982) ("Plain legal prejudice . . . does not result simply when defendant faces the
16  prospect of a second lawsuit or when plaintiff merely gains some tactical advantage.").
17  Nor does "the expense incurred in defending against a lawsuit," because the "defendants'
18  interests can be protected by conditioning the dismissal without prejudice upon the
19  payment of appropriate costs and attorney fees."  *Westlands Water Dist.*, 100 F.3d at 97.

20       ThermoLife will not suffer plain legal prejudice if HumanN's amended
21  counterclaims are dismissed.  At most, HumanN *might* be allowed to reassert *some* of the
22  dismissed counterclaims as part of the Texas Litigation.  This is not a *de facto* transfer
23  request and does not qualify as plain legal prejudice, for the same reason that the earlier
24  dismissal of ThermoLife's affirmative claims did not result in plain legal prejudice to
25  HumanN—the "threat of future litigation which causes uncertainty is insufficient to
26  establish plain legal prejudice."  *Westlands Water Dist.*, 100 F.3d at 96.

27       Notably, HumanN previously sought to invoke *Central Montana Rail, Inc. v. BNSF
28  Railway Co.*, 422 F. App'x 636 (9th Cir. 2011), as a case establishing why it would be

- 5 -

prejudiced by the dismissal of ThermoLife's affirmative claims. (Doc. 209 at 2, 5.) The Court disagreed, explaining that *Central Montana* was distinguishable for an array of reasons. (Doc. 224 at 6-7.) Now that the tables have turned, ThermoLife makes its own attempt to invoke *Central Montana*. (Doc. 247 at 4.) This argument fares no better than when HumanN initially made it. Just as before, *Central Montana* is distinguishable because HumanN is not seeking to dismiss its claims in the face of a pending dispositive motion so as to preserve its ability to re-litigate issues that were previously resolved against it. To the contrary, HumanN acknowledges that ThermoLife previously prevailed on a motion to dismiss and acknowledges that it won't seek to relitigate that adverse ruling in any future proceeding. (Doc. 248 at 6 ["[I]f further clarity is needed, HumanN explicitly states that it will *not* seek to relitigate the causes of action dismissed by this Court, and will not seek to raise either civil extortion or Sherman Act attempted monopolization in the Texas Case."].)

B.    **With Or Without Prejudice**

"Rule 41(a)(2) provides that, unless otherwise specified in the court's order, the dismissal is without prejudice. Whether to allow dismissal with or without prejudice is discretionary with the court, and it may order the dismissal to be with prejudice where it would be inequitable or prejudicial to defendant to allow plaintiff to refile the action." *Burnette*, 828 F. Supp. at 1443. Courts consider the following factors in determining whether to dismiss with or without prejudice: (1) "the defendant's effort and expense involved in preparing for trial"; (2) "excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action"; and (3) "insufficient explanation of the need to take a dismissal." *Id.* at 1443-44 (internal quotation marks omitted).

The first factor weighs in favor of HumanN. Although ThermoLife has expended significant resources litigating this case, the bulk of those resources have been spent on motions practice and on discovery, no dispositive motions have been filed, and there is nothing to indicate that ThermoLife has started preparing for trial.[2] *Cf. Sacchi v. Levy*,

---

[2]    Although ThermoLife asserts in its response brief that "Counter-Defendants have and continue to expend significant effort in preparing for trial" (Doc. 247 at 5), the enclosed

1    2015 WL 12765637, *3 (C.D. Cal. 2015) ("[A]lthough defendants assert that they have
2    spent more than $30,000 defending this action, no dispositive motions have been filed
3    . . . .  The court presumes that the bulk of the parties' work has been discovery given that
4    the fact discovery cut-off date recently passed.  Because of the pendency of this motion, it
5    is virtually certain that no dispositive motions have been drafted or trial preparation
6    begun.") (footnotes omitted).  Additionally, "[w]ere the action ever to be reinstituted . . .
7    the work that has been done would continue to be of value."  *Id.*  This is especially true in
8    light of HumanN's agreement to permit all discovery obtained in this action to be used in
9    any future action.

10        The second factor also weighs in HumanN's favor.  It seems clear, from the parties'
11   submissions, that ThermoLife was not particularly responsive to outstanding discovery
12   requests and inquiries from opposing counsel during the period when ThermoLife's new
13   counsel were engaged in a trial in an unrelated matter.  It is unnecessary for the Court to
14   resolve the parties' dispute over whether this period of delay should be chalked up to
15   tactical maneuvering by HumanN or a lack of diligence by ThermoLife.  The point is that
16   nobody suggests the proceedings in this case have been delayed due to *HumanN's* lack of
17   diligence.

18        The third factor presents a closer call.  Just as the Court was skeptical of the reason
19   ThermoLife provided for its earlier dismissal request,[3] the Court is skeptical of HumanN's
20   proffered explanation for the current dismissal request.  In a nutshell, HumanN contends
21   that even though its counterclaims are valid and ThermoLife has now engaged in

22   declaration from ThermoLife's counsel only describes counsel's efforts to "resolve the
23   outstanding discovery issues, including continuing the discussion to schedule upcoming
     depositions of specific witnesses." (Doc. 247-1 ¶ 12.)  There is no discussion of any trial-
24   specific preparations, nor would it make sense for counsel to be engaged in such
     preparations, where dispositive motions are not due until February 2022 (Doc. 242) and a
     trial date has not yet been set.

25   [3]    Doc. 224 at 9 ("To be sure, ThermoLife has provided *a* rationale for its dismissal
26   request—it contends 'there is no reason to require ThermoLife to prosecute claims that,
     while meritorious, now appear unlikely to entirely resolve the parties' broader disputes.'
27   But this does not strike the Court as a particularly compelling explanation.  If ThermoLife
     truly believed its existing claims were 'meritorious,' it would have an incentive to continue
28   litigating them regardless of whether they would, standing alone, have the potential to
     resolve ThermoLife's broader dispute with HumanN.").

1   sanctionable discovery misconduct, it would prefer to dismiss its counterclaims (and bear

2   the risk that it may not be able to reassert them in the Texas Litigation) and forego pursuing

3   any relief for the alleged discovery violations because it wishes to avoid the cost and

4   expense of continuing to litigate in this forum.  This is not a wholly persuasive argument.

5   Nevertheless, even if the final factor cuts slightly against HumanN, it does not

6   outweigh the other two factors.  The Court will thus permit HumanN to dismiss its amended

7   counterclaims without prejudice.

8   **C.    Conditions Of Dismissal**

9   The Court agrees with HumanN's proposed conditions of dismissal and imposes

10   them here.  Specifically, (1) each party shall bear its own costs and fees, except as

11   previously directed by the Court: (2) should HumanN refile its amended counterclaims in

12   a new proceeding, any discovery already taken in this action shall be available to the parties

13   in such future litigation; and (3) should HumanN refile its amended counterclaims in a new

14   proceeding, it shall not seek to relitigate any matters already resolved on the merits in this

15   action.  (Doc. 243-1 at 2.)[4]

16   In reaching these conclusions, the Court rejects ThermoLife's argument that

17   HumanN be required to pay its costs and fees, for the same reasons the Court previously

18   rejected HumanN's argument on this issue.  (Doc. 224 at 10-11.)

19   Accordingly,

20   **IT IS ORDERED** that:

21   (1)    HumanN's motion to dismiss (Doc. 243) is **granted**.

22   (2)    The Clerk shall enter judgment accordingly and terminate this action.

23   Dated this 1st day of November, 2021.

24

25   _____

26   Dominic W. Lanza
     United States District Judge

27

28   ---
     [4]    The Court clarifies that the term "new proceeding," which HumanN uses in its
     proposed order, includes the Texas Litigation.